UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ AL-SHARA,

      Plaintiff,

v.

PEOPLE'S REPUBLIC OF
CHINA,

      Defendant.

_____ /

Case No. 26-11390

F. Kay Behm
U.S. District Judge

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAUPERIS (ECF No. 2) AND
<u>DIMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)</u>**

## I.    PROCEDURAL HISTORY

Plaintiff Mutaz Al-Shara filed a Complaint against Defendant People's Republic of China on April 27, 2026, alleging various torts caused by unwanted telephone contact originating from China.  ECF No. 1.  Plaintiff also filed an application to proceed *in forma pauperis*, which the court finds facially sufficient.  ECF No. 2.  The court thus **GRANTS** Plaintiff's application to proceed *in forma pauperis*. However, for the reasons set forth below, the court **DISMISSES** Plaintiff's Complaint without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

1

## II.   ANALYSIS

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must screen complaints and sua sponte dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678.  Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue.  Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (citation omitted).  Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56.  Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).  When a "written instrument contradicts allegations in the complaint to which it

is attached, the exhibit trumps the allegations." *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017).

The relevant allegations in Al-Shara's Complaint are as follows:

> 8. Defendant, through instrumentalities and agents acting within the scope of their employment, engaged in a sustained pattern of intrusive and unwanted telephonic contact directed at Plaintiff at his residence in the State of Michigan. The gravamen of this conduct is the intrusion itself and the resulting severe emotional distress sustained by Plaintiff in Michigan, not the content of any communication. This conduct violates federal communications standards, 47 U.S.C. § 223.

> 10. Defendant's agents intruded upon Plaintiff's seclusion by persistent unwanted calls and surveillance-like contact, actionable under Restatement (Second) of Torts § 652B . . . .

> 11. On information and belief, Defendant accessed or caused access to Plaintiff's electronic communications without authorization, implicating 18 U.S.C. § 1030 . . . .

> 12. The pattern of coercive contact and exploitation of Plaintiff's vulnerability supports civil liability under the trafficking victim protection framework, 18 U.S.C. § 1595 . . . .

ECF No. 1, PageID.2-3.

Although Al-Shara mentions various statutes, he only brings four counts: Count I for a personal injury caused by the tortious acts of

4

Defendant's officials under the Foreign Sovereign Immunities Act (FSIA) (28 U.S.C. § 1605(a)(5)), Count II for intentional infliction of emotional distress, Count III for intrusion upon seclusion, that Defendant's agents intruded upon Plaintiff's solitude in a manner highly offensive to a reasonable person, and Count IV for "wrongful conduct causing personal injury" pursuant to Michigan Compiled Laws § 600.2922 and Michigan common law.  ECF No. 1, PageID.4.

All of these fail to state a claim on which relief can be granted. Notably, Count I must be dismissed because the provision of the FSIA Plaintiff cites does not provide a cause of action; it grants foreign sovereigns immunity from the jurisdiction of the courts of the United States except under certain conditions.  The relevant exception here is "for personal injury or death . . . occurring in the United States," and that such injury be "caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment . . . ."  28 U.S.C. § 1605(a)(5) (emphasis added).  As one district court has explained, "§ 1605(a)(5) is essentially a respondeat superior statute, providing an employer with liability for certain tortious acts of its employees."

*Rendall-Speranza v. Nassim*, 932 F. Supp. 19, 24 (D.D.C. 1996) (citing

*Skeen v. Federative Republic of Brazil*, 566 F. Supp. 1414, 1417 (D.D.C.

1983)).

Plaintiff's sole allegation that the PRC can be held liable for the

torts he alleges is that "Defendant, through instrumentalities and

agents acting within the scope of their employment, engaged in a

sustained pattern of intrusive and unwanted telephonic contact directed

at Plaintiff."  ECF No. 1, PageID.2.  This is a conclusory, "naked

assertion" devoid of "factual enhancement," that does not cross the line

into facial plausibility.  *See Iqbal*, 556 U.S. at 677-78.  Plaintiff's call log

from his phone (attached as an exhibit, ECF No. 1, PageID.8) shows, at

best, that he received two phone calls originating from China.  That is

not sufficient, combined with this conclusory and undeveloped

allegation, to plausibly claim that these were calls from an agent of

Defendant acting within the scope of their employment.  Further,

Plaintiff's primary exhibit to support these allegations is a call log

purporting to show "unwanted" telephone contact.  But the first call

temporally listed in his log is an outgoing call from Plaintiff to the

foreign number in question.  ECF No. 1, PageID.8 (showing the

6

outgoing call symbol on a facetime video call originating from Plaintiff's phone).  Any reasonable reading of this exhibit, even in the light most favorable to Plaintiff, indicates the foreign number was calling Plaintiff back after having received a call from him.  "When a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) (citation omitted) (cleaned up).  So when a fact asserted in the pleadings is inconsistent with a supporting exhibit, "the Court is to accept the facts as stated in the attached [exhibit]." *Id.*  Plaintiff's exhibit is inconsistent with his allegation of "unwanted" contact, and so his claims of tortious activity lacks facial plausibility.

The FSIA is "the sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989).  Absent any plausible, nonconclusory allegation that Defendant suffered a personal injury caused by agents of Defendant in the scope of their employment, this court lacks jurisdiction over the Defendant.  On the merits, his claim of unwanted and tortious telephone contact lacks plausibility.

Plaintiff's Complaint fails to state a claim on which relief could be granted.  While the Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e).

　　**SO ORDERED**.

Date: June 4, 2026　　　　　　　　s/ F. Kay Behm
　　　　　　　　　　　　　　　　F. Kay Behm
　　　　　　　　　　　　　　　　United States District Judge