UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ AL-SHARA,

Plaintiff,

v.

PEOPLE'S REPUBLIC OF CHINA,

Defendant.
_____________________________/

Case No. 4:26-cv-11390

F. Kay Behm
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION**
**TO ALTER OR AMEND THE JUDGMENT (ECF No. 7)**

## I. PROCEDURAL HISTORY

Plaintiff Mutaz Al-Shara filed this action on April 27, 2026, against the People's Republic of China alleging various torts arising out of unwanted telephone contact originating from China. (ECF No. 1). On the same date, he filed an application to proceed without prepaying fees or costs. (ECF No. 2). On June 8, 2026, the Court granted Plaintiff's motion to proceed *in forma pauperis*, but after screening under 28 U.S.C. § 1915(e)(2), dismissed the complaint for failure to state a claim. (ECF No. 5).

Now before the Court is Plaintiff's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) (ECF No. 7) in which he requests that the order of dismissal be vacated or that he be given leave to file an amended complaint. For the reasons set forth below, this motion will be denied.

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." A motion under Rule 59(e) to "alter or amend may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Motions of this kind are not an appropriate vehicle for raising new facts or arguments. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at reconsideration, not initial consideration"). Granting a motion to amend or alter a judgment has been described as "an extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). For this reason, such motions should be granted sparingly. *U.S. ex rel. American Textile Mfrs. Institute, Inc. v. The Limited, Inc.*,

179 F.R.D. 541, 547 (S.D. Ohio 1998). "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 617 (6th Cir. 2010). Evidence was previously available if it could have been discovered "with reasonable diligence" prior to the judgment. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614-15 (6th Cir. 2012).

## III. ANALYSIS

Plaintiff argues that "[t]he Court's factual finding that Plaintiff initiated a telephonic contact with the Chinese number rests on a clear error of fact" because he "inadvertently filed a cropped version of the call log exhibit." (ECF No. 7, PageID.4). He says he has attached a corrected version indicating that the Chinese number initiated the first contact.

This evidence, available to Plaintiff at the time he filed the complaint, does not constitute "new evidence" that was previously unavailable. In any event, the Court explained in its order dismissing the complaint that there were multiple bases for doing so, as follows:

> Plaintiff's sole allegation that the PRC can be held liable for the torts he alleges is that "Defendant, through instrumentalities and agents acting within the scope of their employment, engaged in a sustained pattern of intrusive and unwanted telephonic contact directed at Plaintiff." ECF No. 1, PageID.2. This is a conclusory,

> "naked assertion" devoid of "factual enhancement," that does not cross the line into facial plausibility. *See Iqbal*, 556 U.S. at 677-78. Plaintiff's call log from his phone (attached as an exhibit, ECF No. 1, PageID.8) shows, at best, that he received two phone calls originating from China. That is not sufficient, combined with this conclusory and undeveloped allegation, to plausibly claim that these were calls from an agent of Defendant acting within the scope of their employment. Further, Plaintiff's primary exhibit to support these allegations is a call log purporting to show "unwanted" telephone contact. But the first call temporally listed in his log is an outgoing call from Plaintiff to the foreign number in question. ECF No. 1, PageID.8 (showing the outgoing call symbol on a facetime video call originating from Plaintiff's phone).
>
> ...
>
> The FSIA is "the sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). Absent any plausible, nonconclusory allegation that Defendant suffered a personal injury caused by agents of Defendant in the scope of their employment, this court lacks jurisdiction over the Defendant. On the merits, his claim of unwanted and tortious telephone contact lacks plausibility.

(ECF No. 5, PageID.36-37). Even if Plaintiff's claim of "newly discovered evidence" could prevail, he has still failed to plead factual allegations which plausibly establish a right to relief. Plaintiff argues in his motion that

> Publicly documented evidence establishes that the People's Republic of China systematically installs surveillance malware on travelers' phones at airports and border crossings, that Plaintiff's brother was physically present in China during the period of the calls, and that China has engaged in a systematic, escalating campaign of persecution against LGBTQ+ individuals—including

> banning every major gay social application (Grindr, Blued, and Finka)—supplying the plausible factual nexus to state action that the Court found lacking...

(ECF No. 7, PageID.41). However, this allegation still fails to establish that Plaintiff's claims are plausible, much less that there was a clear error of law, newly discovered evidence, an intervening change in controlling law, or a manifest injustice to warrant altering the judgment under Fed. R. Civ. P. 59(e). Additionally, Plaintiff provides no basis for the Court to conclude that this deficiency is curable by amendment. For these reasons, Plaintiff's motion is denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to alter or amend the judgment (ECF No. 7) is **DENIED.**

**SO ORDERED.**

Date: October 14, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge